NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DR. MAX D. ANTOINE (FATHER),
NELCHAEL. S ANTOINE (MINOR), MAXINE
B. ANTOINE (MINOR), SATAEL D. ANTOINE
(MINOR),

                Plaintiffs,

v.                                                                    Civ. Action No. 10-1212 (KSH)

BELLEVILLE MUNICIPAL COURT,
TOWNSHIP OF BELLEVILLE, ESSEX
COUNTY CORRECTIONAL JAIL, JOHN
DOES (1 to 12), JANE DOES (1 to 12),

                Defendants.                         **OPINION**

**KATHARINE S. HAYDEN, U.S.D.J.**

**I.**     **INTRODUCTION**

This action stems from a complaint filed by plaintiffs Dr. Max Antoine ("Antoine") and his children, Nelchael Antoine, Maxine Antoine, and Sateal Antoine, against defendants Belleville Municipal Court, Township of Belleville, Essex County Correctional Jail ("ECCJ"), John Does (1 to 12), and Jane Does (1 to 12). Pending before the Court is a motion [D.E. 8] filed by ECCJ seeking to dismiss the complaint [D.E. 1] for failure to state a claim pursuant to 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") on the grounds that: (1) ECCJ is not a proper defendant under a 42 U.S.C. § 1983 claim; (2) the tort claims must be dismissed for failure to file a sufficient tort claim notice pursuant to N.J.S.A. 59:8-1 et. seq.; and (3) Antoine's children have failed to assert a cognizable cause of action against ECCJ, including the unnamed individual defendants.

1

## II. BACKGROUND

The following factual allegations are taken from the complaint. On April 8, 2009, Antoine, who is a paraplegic, was arrested in Belleville, and then taken to ECCJ. (Compl. ¶¶ 17, 19.) Antoine alleges that ECCJ maliciously and mistakenly processed, fingerprinted, photographed, and booked him, and that this resulted in an unlawful incarceration for three days. (*Id.* ¶ 18.) Antoine contends that he was confined in an isolated cell that was not wheelchair accessible and that he was negligently and recklessly lifted by three guards and put to sleep on an unsecured single bed about three to five feet high. (*Id.* ¶ 19.) Antoine claims that on the night of April 9, 2009, while sleeping, he slipped and fell off the bed to the ground, where he claims to have been left without assistance except for being given a few pain killers upon insistence. (*Id.*) As a result of ECCJ's actions, Antoine claims to have "sustained aggravated physical and psychological injuries, irreparable pain and chronic sufferings" and he also claims to have sustained "great financial losses." (*Id.* ¶¶ 20-21.)

## III. STANDARD OF REVIEW

FRCP 12(b)(6) permits district courts to dismiss a complaint for "failure to state a claim upon which relief can be granted." When considering a 12(b)(6) motion to dismiss, the court is "required to accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The standard is "not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims." *Bensel v. Allied Pilots Ass'n,* 387 F.3d 298, 312 (3d Cir. 2004) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974), overruled on other grounds).

The pleading standard has recently shifted from simple notice pleading to a heightened standard, through decisions of the U. S. Supreme Court, beginning with *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007), and further refined in *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). A plaintiff is now required to plead more than a mere possibility of relief to survive a motion to dismiss. *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d. Cir. 2009). In *Iqbal*, 129 S. Ct. at 1949, the Court cautioned against accepting as sufficient "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."

In *Fowler*, the Third Circuit, interpreting *Iqbal*, articulated a two-prong test for district courts to apply when considering a 12(b)(6) motion to dismiss:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

578 F.3d at 210-11 (citations omitted).

If dismissal cannot be justified without considering materials outside of the complaint, a 12(b)(6) motion to dismiss will be converted to a motion for summary judgment. FRCP 12(d). The court may, however, consider "a document integral to or explicitly relied upon in the complaint . . . without converting the motion [to dismiss] into one for summary judgment." *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1426 (3d Cir. 1997). It is therefore acceptable to "consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guaranty Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir. 1993).

## IV.   DISCUSSION

Antoine alleges that ECCJ violated his constitutional rights under state and federal laws; however, he does not make any attempt to categorize or distinguish what rights were violated. He frames the complaint as rooted in constitutional and statutory violations in the following way: "violations of [plaintiffs'] rights secured by 42 U.S.C. §§ 1964, 1970, 1981, 1983, 1985, and 1988, by the Constitution, including its First, Fourth, Fifth, and Fourteenth amendment rights, the Federal Rico Act as amended, the ADA (American with Disability Act), and by the laws and Constitution of the State of New Jersey Laws Against Discrimination (the LAD laws)." (Compl. ¶ 1.)  Having carefully reviewed the complaint as a whole, the Court deems the gravamen of the complaint to be the events surrounding the conditions of confinement in ECCJ, and as a result the vehicle for this analysis is 42 U.S.C. § 1983.

### A.   *ANTOINE'S CLAIMS UNDER 42 U.S.C. § 1983*

"A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights." *Jiles v. Burlington County Jail*, 2009 U.S. Dist. LEXIS 81077, at *6, (D.N.J. 2009) (Simandle, J.)  Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

The U.S. Supreme Court has set forth a two-prong analysis for a § 1983 claim:  "(1) the conduct complained of was committed by a *person* acting under color of state law; and (2) this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Kost v. Kozakiewicz,* 1 F.3d 176, 184 (3d Cir. 1993) (emphasis added).  In its

4

moving brief, ECCJ contends it is *not* a defendant amenable to suit under a § 1983 claim because a jail or a department of a municipal entity is not a "person" liable to suit under the statute. (Moving Br. 3) (citing to *Jiles,* 2009 U.S. Dist. LEXIS 81077, *Marsden v. Federal Bureau of Prisons*, 856 F. Supp. 832 (S.D.N.Y. 1994); *Vance v. County of Santa Clara*, 928 F. Supp. 993 (N.D. Cal. 1996)).

"In the Third Circuit, it is well-settled that a prison or correctional facility is not a 'person' that is subject to suit under federal civil rights laws." *Regan v. Upper Darby Twp.*, 2009 U.S. Dist LEXIS 19807, at *14-20 (E.D. Pa. 2009) (granting defendant Delaware County Prison's motion for summary judgment because a prison or correctional facility is not a person amenable to suit within the meaning of § 1983). *See also Jiles*, 2009 U.S. Dist. LEXIS 81077, at *14 (dismissing the claims against Burlington County Jail with prejudice because a jail is not a "person" amenable to suit under § 1983); *Amaro v. Montgomery County*, 2008 U.S. Dist. LEXIS 67993, at *11 (E.D. Pa. 2008) (finding that Montgomery County Correctional facility was not a "person" for purposes of § 1983); *Ramalho v. Montgomery County Corr. Facility,* 2007 U.S. Dist. LEXIS 44941, at *3-4 (E.D. Pa. 2007) (dismissing claims against Montgomery County Correctional Facility, because "for purposes of the § 1983 claim, neither is a "person" amenable to suit"); *Meyers v. Schuylkill County Prison,* 2006 U.S. Dist. LEXIS 12564, at *26 (M.D. Pa. 2006) (holding that a county prison is not a "person" within the meaning of § 1983); *McLeod v. Still*, 2006 U.S. Dist. LEXIS 9702, at *13 (D.N.J. 2006) (Thompson, J.) (Monmouth County Correctional Institution is not a "person" amenable to suit under § 1983) (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (state prison medical department not a "person" under § 1983).

This Circuit is not alone in holding that a jail is not a "person" amenable to suit under § 1983. *See, e.g., Marsden*, 856 F. Supp. at 836 (holding Orange County jail is not an entity that is amenable to suit under § 1983); *Vance*, 928 F. Supp. at 995-96 (the court, *sua sponte*, held that the County Department of Corrections is an agency of the county and cannot be sued separately from the county under § 1983); *Powell v. Cook County Jail,* 814 F. Supp. 757, 758 (N.D. Ill. 1993) (Cook County Jail not a "person" under § 1983); *McCoy v. Chesapeake Correctional Center,* 788 F. Supp. 890, 893-94 (E. D. Va. 1992) (local jail not a "person" under § 1983); *Mayes v. Elrod,* 470 F. Supp. 1188, 1192 (N.D. Ill. 1979) (county department of corrections not an entity subject to suit separate from the county); *Aston v. Cunningham*, 2000 U.S. App. LEXIS 14379, at *12 n.3 (10th Cir. 2000) (dismissal against Salt Lake County jail was required because a detention facility is not a person or legally created entity capable of being sued under § 1983); *Preval v. Reno,* 2000 U.S. App. LEXIS 465, at *3 (4th Cir. 2000) (affirming dismissal of the claims against Piedmont Regional Jail because it is not a "person" amenable to suit under § 1983).

The Court, guided by the binding and persuasive case law that holds that a jail is not a "person" under § 1983, grants ECCJ's motion to dismiss Antoine's § 1983 claims.

### B.     ANTOINE'S REMAINING CLAIMS

The Court dismisses Antoine's other federal statutory claims, which as indicated are uncategorized and bereft of any factual context.

Under 28 U.S.C. § 1367(a), federal courts "shall have supplemental jurisdiction" over state law claims if they are "part of the same case or controversy" over which the court has original jurisdiction. Subsection (c) of the statute provides that a district court may decline to exercise jurisdiction if it "has dismissed all claims over which it has original jurisdiction." While

6

the Court has concerns about the sufficiency of the notice of claim Antoine filed, the arguments for and against are essentially procedural and grounded in the New Jersey Tort Claims Act. Insofar as all the federal claims have been dismissed, the Court will not exercise supplemental jurisdiction.  *See Bacon v. Carroll*, 232 F. App'x 158, 160 (3d Cir. 2007).

### D.  THE REMAINING DEFENDANTS

The Clerk's Office entered a notice of default as to Belleville Municipal Court and the Township of Belleville (collectively, the "Belleville defendants") on May 6, 2010.  The Court dismisses *sua sponte* and with prejudice the Belleville defendants for the same reasons asserted for dismissing ECCJ—they are not "persons" under § 1983, *see supra*.

As for the remaining individual defendants, John Does (1-12) and Jane Does (1-12), the Court dismisses the complaint without prejudice.

### V.  Conclusion

For the foregoing reasons, Antoine has failed to state a claim against ECCJ for which relief may be granted, and its motion to dismiss [D.E. 8] as to the federal claims is granted.  Furthermore, the Court dismisses *sua sponte* the federal claims as to the Belleville defendants.  The Court also dismisses the complaint without prejudice as to the remaining individual defendants.  Finally, the Court declines to exercise supplemental jurisdiction as to the state law claims.  An appropriate order will be entered.

/s/Katharine S. Hayden

Katharine S. Hayden, U.S.D.J.